365 A.2d 847
COMMONWEALTH of Pennsylvania
v.
Geary TURNER, Appellant.
No. 381.
Supreme Court of Pennsylvania.
Argued Jan. 1, 1976.
Decided Nov. 24, 1976.
Reargument Denied Jan. 26, 1977.

Samuel Kagle, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., James J. Wilson, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

Appellant, Geary Turner, appeals from the judgment of sentence for murder of the second degree [1] following conviction for that offense in a non-jury trial.[2] Taking all the evidence in the light most favorable to the Commonwealth,[3] the facts are as follows.

On July 7, 1972 at about 3:40 p. m., Geary Turner, a 200 pound, six foot tall young man, became involved in an argument with one Leon Hamilton, Sr., the victim, who was middle-aged, weighed 163 pounds and was 5'9" tall. At trial Mrs. Hamilton, the widow of the victim, testified that, shortly after the argument had ended and her husband, Leon, was passing the Turner home on the way to his parked car, he was physically attacked by Geary Turner. Appellant's brother, William Turner, and the Hamilton's son, Leon, Jr., joined the fight. Both Mrs. Hamilton and her son testified that Leon Hamilton had no weapon at the time of these events. Both also testified that they saw appellant himself strike the victim several times. A neighbor, Mr. Spalding, testified that he saw appellant strike Leon, Sr. directly between the eyes with a baby cart wheel still attached to its axle, a blow which knocked the victim unconscious. After being thus felled, Mr. Hamilton was taken to the hospital, where he died several days later without having regained consciousness.

1. This case was tried under the law existing prior to the new Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1 et seq.

2. The appeal from the judgment of sentence imposed for murder is grounded in § 202 of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, Art. II, 202(1), 17 P.S. § 211.-202(1).

3. See Commonwealth v. Williams, 468 Pa. 357, 362 A.2d 244 (1976).

In his defense appellant presented testimony by his sister and by his brother, William Turner. Both claimed that Leon, Sr., while engaged in fighting Geary Turner, had "pulled" a knife, and it was only then that William Turner had knocked Leon down, causing Leon to hit his head sharply on the curbstone as he fell. In the defense version of the fracas, it was this blow by William which ended the fighting; the victim never regained consciousness after hitting the curb.

Through his appellate counsel, who was not his trial counsel, Turner now argues that he was denied the effective assistance of counsel at trial because of two wrong decisions which his lawyer made. The first decision was to stipulate to the admissibility of a medical report establishing the cause of death as having been injuries to the victim's head; the second was to waive his right to summation at the close of the case.

As we have frequently had occasion to repeat,

"Our task in cases of this nature . . . encompasses an independent review of the record . . . and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives . . . We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record . . . [T]he balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–05, 235 A.2d 349, 352–53 (1967). (citations and footnote omitted).

The problem in this case, as in most cases where the claim of ineffective assistance of counsel is raised on direct appeal,[4] is that we have before us no record of any hearing at which is delineated trial counsel's reasons for taking the steps later challenged. Where the record on appeal clearly shows that there could have been no reasonable basis for a damaging decision or omission by trial counsel, then of course the judgment must be vacated and appropriate relief, such as allowing the filing of post trial motions or the ordering of a new trial, granted.[5] Where, on the other hand, it is impossible to tell from the record whether or not the action of trial counsel could have had a rational basis, the appellate court will vacate the judgment, at least for the time being, and remand for an evidentiary hearing at which trial counsel may state his reasons for having chosen the course of action taken.[6] Neither of these remedies, however, is appropriate if from the record it is apparent that the actions claimed to constitute ineffectiveness were in fact within the realm of trial tactics or strategy.[7] A finding of ineffectiveness of counsel cannot be made "unless we con[clude] that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. at 605 n.8, 235 A.2d at 353 n.8. In our opinion, such conclusion is not justified in the case at bar.

4. Where a defendant is represented on appeal by counsel other than trial counsel, he must raise all possible grounds for a finding of ineffective assistance of counsel on that direct appeal or later be found to have waived them. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975).

5. *Commonwealth ex rel. Washington v. Maroney, supra.*

6. See *Twiggs*, note 4, *supra.*

7. *Commonwealth v. Sullivan*, 450 Pa. 273, 299 A.2d 608, *cert. den.*, 412 U.S. 923, 93 S.Ct. 2745, 37 L.Ed.2d 150 (1973); *Commonwealth v. Hudson*, 455 Pa. 117, 314 A.2d 231 (1974); *Commonwealth v. Boyd*, 461 Pa. 17, 334 A.2d 610 (1975).

It was no part of the defense in this case to dispute that the victim died of head injuries; the defense was merely that William Turner, and not Geary Turner, the appellant, had struck the blow which caused those head injuries. Thus the decision of counsel to stipulate to the medical report was fully in accord with the defense theory. Indeed, the admission of the report rather than the presentation of the live testimony of the doctor who prepared it may well have been advantageous to the appellant. On its face, the report did no more than list the physical findings on which the conclusion as to the cause of death was based and to conclude that that cause was craniocerebral injuries. Had the doctor testified in person, he could have been examined by the prosecution as to whether the injuries the doctors had observed could have been inflicted, as the defense asserted, by the victim hitting a curbstone in a fall from a standing position. Without such evidence, the outcome of the case turned solely on the credibility of the two sets of witnesses as to how the last blow suffered by the victim had been inflicted. Even now appellant does not argue that any testimony which might have been given by the physician would have supported his version of the victim's death in any respect or that any later injury caused that death. The bare assertion at this time that the calling of this witness would have "offered a potential for success substantially greater than the tactics actually utilized" is insufficient to justify a remand for an evidentiary hearing on this point.

We turn to the second decision of trial counsel of which appellant complains. It is true that every defendant has the right to a summation, but that right may be waived, and the decision whether or not to waive is a matter of trial strategy. *Commonwealth v. Gambrell*, 450 Pa. 290, 301 A.2d 596 (1973). The trial of this case was of short duration and the evidence was clear and simple. The defendant himself did not take the stand; ei-

ther his brother William and his sister were to be believed or the victim's mother, son and neighbor were to be believed. There is no basis for us to conclude that the experienced judge who tried the case would have been swayed in her assessment of credibility by a recapitulation of the facts surrounding this neighborhood fight.[8]

Judgment of sentence affirmed.

ROBERTS, J., concurs in the result.

8. In his brief appellate counsel raised two additional arguments. First, it is asserted that the evidence is insufficient to show that any act of Geary Turner's was the cause of death of Hamilton. This argument was not raised below, however, and is therefore waived. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). Second, appellant contends that trial counsel was ineffective in not having filed a brief in support of his post-trial motions. He does not contend that any issues other than those which are now raised in the context of trial counsel's alleged ineffectiveness and which are considered in this opinion should have been presented or argued in a supporting brief. Thus no independent prejudice was suffered by reason of this omission, and the point does not require independent treatment.