411 A.2d 774

**COMMONWEALTH of Pennsylvania**

v.

**Wilbur SAVAGE, Appellant.**

Superior Court of Pennsylvania.

Argued July 31, 1979.

Filed Oct. 5, 1979.

Holly Maguigan, Philadelphia, for appellant.

Neil Kitrosser, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

CIRILLO, Judge:

Appellant, Wilbur Savage, was convicted in a jury trial of voluntary manslaughter. Post-trial motions were waived, and appellant was sentenced to five to ten years imprisonment. This is a direct appeal to the Supreme Court from judgment of sentence.

The facts may be briefly summarized as follows. Shortly after midnight on February 3, 1977, appellant was involved in an altercation inside a bar which spilled out into the street. There, appellant drew a knife, and in the course of the struggle, stabbed the decedent. Appellant alleged self-defense.

---

* Justice LOUIS L. MANDERINO of the Supreme Court of Pennsylvania, and Judge VINCENT A. CIRILLO of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

Prior to trial, appellant underwent six psychiatric examinations. Trial was originally scheduled for February 22, 1978; however, appellant refused to cooperate with his counsel. Therefore, the court declared a mistrial. A court-appointed psychiatrist, Dr. Schwartzman, D.O., examined appellant on the same day, and concluded he was a paranoid schizophrenic, incompetent to stand trial unless under medication. Pursuant to this advice, the court ordered that appellant be administered the necessary medication, an anti-psychotic drug named Prolixin, up to and during trial.

The court tentatively rescheduled trial for February 27, 1978, pending the report of Dr. Saul who was appointed by the court to examine appellant. Dr. Saul telephoned the trial judge and stated that the appellant was competent to stand trial. Based on this oral report, the court determined appellant competent to stand trial. The report of February 27, 1978, was submitted for the record on February 28, 1978, the second day of the trial.

Appellant's counsel has filed an affidavit as to after-discovered evidence, and seeks a remand. This evidence indicates that appellant was allergic to the court-ordered medication, and that this may have affected his mental competency at trial. Pennsylvania Rule of Criminal Procedure 1123(d) authorizes a motion for a new trial on the ground of after-discovered evidence, and if an appeal is pending, as in this case, such motion may be granted only upon remand of the case.

The crucial issue on this appeal is whether the appellant's competency to stand trial on February 27, 1978, was ever properly determined. The Supreme Court has stressed the fact that competency is a fundamental due process requirement. In *Commonwealth v. Bruno*, 435 Pa. 200, 205 n.1, 255 A.2d 519, 522 n.1 (1969), it was noted that ". . . the mental competence of an accused must be regarded as an absolute and basic condition of a fair trial." Also, in *Pate v. Robinson*, 383 U.S. 375, 378, 86 S.Ct. 836, 838, 15 L.Ed.2d 815, 818 (1966), the court held that "the conviction of an accused person while he is legally incompetent violates due process

. . . and . . §. state procedures must be adequate to protect this right."

Throughout the pre-trial period, appellant objected to the administration of the drug, Prolixin. In April 1977, appellant complained that the reaction he got from Prolixin was like "muscular dystrophy." At a competency hearing on November 18, 1977, appellant's examining physician testified that appellant again objected to taking Prolixin because he felt ". . . it might sedate him; it might even jeopardize him to be alert in his trial . . ." At the same hearing, appellant's counsel stated as follows: "[m]y client informs me that the reason he objects to the injection of the drug is that it leaves him incapacitated and helpless."

None of the psychiatric reports explored the possibility that Prolixin might in fact have the effect of leaving appellant "incapacitated and helpless." This is supported by the fact that after incarceration, appellant was transferred from Graterford Prison to Norristown State Hospital where his protests were investigated. There, the conclusion reached was that appellant was indeed allergic to Prolixin.

There was no hearing to determine competency in this case. Appellant was adjudged incompetent only five days before trial, and he was placed under medication. Trial was commenced when Dr. Saul orally informed the court, ex parte, that appellant could stand trial provided he continue with his medication. These circumstances raise a strong doubt as to whether appellant was competent.

"[T]he test to be applied in determining the legal sufficiency of his mental capacity to stand trial . . . is not the *M'Naghton* 'right or wrong' test, but rather his ability to comprehend his position as one accused of murder and to cooperate with his counsel in making a rational defense." *Commonwealth ex rel. Hilberry v. Maroney*, 424 Pa. 493, 495, 227 A.2d 159, 160 (1967). The trial court relied on the psychiatric report of Dr. Saul, and the court's monitoring of appellant's actions during trial to find that appellant was competent. However, "we should not uncritically accept

conclusions expressed in a psychiatrist's report without some attempt to scrutinize the factual bases underlying the conclusions and the examining psychiatrist's understanding of the relevant legal principles." *Commonwealth v. Hunt*, 259 Pa.Super. 1, 11 n.10, 393 A.2d 686, 691 n.10 (1978); *Commonwealth v. Smith*, 227 Pa.Super. 355, 324 A.2d 183 (1974).

Also, as stated in *Pate v. Robinson*, supra, 383 U.S. at 386, 86 S.Ct. at 842: "While Robinson's demeanor at trial might be relevant to the ultimate decision as to his sanity, it cannot be relied upon to dispense with a hearing on that very issue." See also *Commonwealth v. Dimitris*, 247 Pa.Super. 486, 372 A.2d 930 (1977). Appellant was observed by the trial court to be "cooperative" and "rational" in cooperating with his defense counsel. However, since his trial was conducted while he was placed under the influence of a drug to which he was allergic, he should have been afforded a hearing at which he could have offered medical testimony concerning the drug's effect on his competence.

In *Commonwealth v. Marshall*, 456 Pa. 313, 318 A.2d 724 (1974), the Supreme Court remanded for an evidentiary hearing when the second and third psychiatric examinations of that appellant, held eight months before and one month after his second trial, raised serious doubts as to his mental competency at trial. In the instant case, since there was no competency hearing, and in light of appellant's repeated protestations to being administered a drug to which he was later found to be allergic, we are unable, on this record, to arrive at a final determination concerning appellant's mental competency at trial.

Therefore, the matter must be remanded for an evidentiary hearing to determine appellant's competency at his trial on February 27, 1978.

Because of our determination of this issue, the other issues raised by appellant need not be addressed.

Case remanded.