442 A.2d 785

**COMMONWEALTH of Pennsylvania**

v.

**Barry Edward BESLEY, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 14, 1981.

Filed March 5, 1982.

William F. Scarpitti, Jr., Erie, for appellant.

Thomas P. Agresti, Assistant District Attorney, Erie, for Commonwealth, appellee.

314

PER CURIAM:

Appellant was convicted of aggravated assault[1] and sentenced to one and one half to four years imprisonment. No direct appeal was filed. On August 18, 1980, Appellant filed a Post-Conviction Hearing Act Petition alleging ineffective assistance of trial counsel. On October 28, 1980, the lower court permitted Appellant's appeal nunc pro tunc to this court.

> Where the record on appeal clearly shows that there could have been no reasonable basis for a damaging decision or omission by trial counsel, then of course the judgment must be vacated and appropriate relief, such as allowing the filing of post trial motions or the ordering of a new trial, granted. Where, on the other hand, it is impossible to tell from the record whether or not the action of trial counsel could have had a rational basis, the appellate court will vacate the judgment, at least for the time being, and remand for an evidentiary hearing at which trial counsel may state his reasons for having chosen the course of action taken.

*Commonwealth v. Turner*, 469 Pa. 319, 324, 365 A.2d 847, 849 (1976) (footnotes omitted).

The record in the instant case is insufficient to resolve Appellant's contentions of ineffective assistance. Therefore, judgment of sentence is vacated and the case remanded to the trial court to conduct an evidentiary hearing on all claims of ineffective assistance. Should the trial court conclude that counsel was ineffective, then a new trial shall be granted. If it is determined that counsel was not ineffective, judgment of sentence shall be reinstated and appellate rights preserved. *See Commonwealth v. Twiggs*, 460 Pa. 105, 111, 331 A.2d 440, 443 (1975).

Jurisdiction is not to be retained by this court.

1. 18 Pa.C.S.A. § 2702.