463 A.2d 1140

**COMMONWEALTH of Pennsylvania**

v.

**Linda Kay FINK, Appellant.**

Superior Court of Pennsylvania.

Submitted April 28, 1983.

Filed July 29, 1983.

172

Steven Edward Wolfe, Levittown, for appellant.

C. Theodore Fritsch, Jr., Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before ROWLEY, WIEAND and POPOVICH, JJ.

WIEAND, Judge:

Linda Kay Fink was charged with driving a pickup truck across her neighbor's lawn at night and striking the neighbor while the neighbor was walking her dog. She was tried

by a jury which found her not guilty of aggravated assault and recklessly endangering another person but guilty of simple assault. On direct appeal from the judgment of sentence,[1] she argues that she is entitled to a new trial because of after-discovered evidence and because her trial counsel was constitutionally ineffective.

■ The averment of newly discovered evidence in the form of an eyewitness who was present and would allegedly testify that the neighbor was injured when pulled by her dog and not by appellant's truck is not properly before this Court. Appellant has never presented this after-discovered evidence to the trial court and has never requested the trial court to grant a new trial for this reason. A motion requesting a new trial on grounds of after-discovered evidence must be filed in writing in the trial court. Pa.R. Crim.P. 1123(d). Compare: *Commonwealth v. Savage,* 270 Pa.Super. 388, 390, 411 A.2d 774, 775 (1979). This Court will not entertain such a motion in the first instance.

■ Appellant's averments that trial counsel was ineffective, made for the first time on appeal by new counsel,[2] cannot be determined without an evidentiary hearing. Appellant contends that trial counsel had in his possession certain weather reports regarding rainfall which, if used, would have demonstrated that she could not have driven a truck across her neighbor's lawn, as the neighbor testified, without leaving tire marks on the lawn. She also contends that counsel was ineffective for failing to call as a witness a mechanic who had testified at the preliminary hearing and who, allegedly, would have testified at trial that appellant's truck was in such condition that it could not have traversed the ornamental railroad ties in the neighbor's yard without

---

1. Appellant was sentenced to pay costs and was placed on probation for six months.

2. Appellant was represented at trial by the Public Defender. Present counsel was retained after boilerplate post verdict motions had been denied and sentence imposed.

sustaining serious damage. "The problem in this case, as in most cases where the claim of ineffective assistance of counsel is raised on direct appeal, is that we have before us no record of any hearing at which is delineated trial counsel's reasons for taking the steps later challenged. Where the record on appeal clearly shows that there could have been no reasonable basis for a damaging decision or omission by trial counsel, then of course the judgment must be vacated and appropriate relief, such as allowing the filing of post trial motions or the ordering of a new trial, granted. Where, on the other hand, it is impossible to tell from the record whether or not the action of trial counsel could have had a rational basis, the appellate court will vacate the judgment, at least for the time being, and remand for an evidentiary hearing at which trial counsel may state his reasons for having chosen the course of action taken.... A finding of ineffectiveness of counsel cannot be made 'unless we conclude that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized.'" *Commonwealth v. Turner*, 469 Pa. 319, 324, 365 A.2d 847, 849 (1976) (footnotes omitted), quoting *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 605 n. 8, 235 A.2d 349, 353 n. 8 (1967).

Such is the case here. Not only is the unutilized evidence not a matter of record but appellant's trial counsel has not had an opportunity to explain his decision not to use the weather reports or the testimony of the truck mechanic. Therefore, we must remand for an evidentiary hearing.[3]

The judgment of sentence is vacated, and the case is remanded for an evidentiary hearing on appellant's averments that trial counsel was ineffective. If the trial court finds that counsel was ineffective, a new trial must be granted. Otherwise, the sentence shall be reinstated. Meanwhile, the jurisdiction of this court is not retained.

3. Upon remand, appellant may, if she chooses to do so, file a motion for new trial on the grounds of after-discovered evidence.