468 A.2d 498

**COMMONWEALTH of Pennsylvania**

v.

**Stephen Roger WILSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 30, 1983.

Filed Nov. 25, 1983.

Nancy Ann Duffield, Assistant Public Defender, Uniontown, for appellant.

Gerald R. Solomon, District Attorney, Uniontown, for Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and POPOVICH, JJ.

WICKERSHAM, Judge:

On December 17, 1980, appellant was arrested on a charge of receiving stolen property. A preliminary hearing was held February 5, 1981, before District Justice Paul Shenal at which time it was determined a prima facie case had been established. On February 18, 1981, an Information at No. 76 of 1980, theft by receiving stolen property, was approved by the District Attorney. On May 4, 1981, appellant, accompanied by his Attorney Vincent J. Roskovensky, II., appeared before the Honorable William J.

Franks for the trial of his case. On May 5, 1981, the jury found appellant guilty as charged. On May 11, 1981, appellant's counsel filed, on his behalf, a motion for new trial and in arrest of judgment. On August 24, 1981, said motions were denied and appellant was directed to present himself for sentencing. On November 6, 1981, appellant appeared before Judge Franks and was sentenced to pay the costs, to pay $10.00 to the State Treasurer, make restitution if owing, forfeit $300.00, and undergo a term of imprisonment of not less than two (2) years nor more than four (4) years. On December 4, 1981, this appeal was taken to the superior court from the judgment of sentence. Appellant raises the following issues:

1. Whether the Commonwealth failed to prove the element of "possession" for the crime of receiving stolen goods?

2. Whether the court erred in permitting the prosecution witness to testify concerning inventories and stolen property when the same were available and not utilized by the Commonwealth?

3. Whether the court erred in permitting the witness, John Skupien, to testify about rules of evidence and the admission of hearsay evidence over the objection of counsel?

4. Whether trial counsel was ineffective in failing to call the appellant's only alibi witness in light of the fact that the sole defense in the case was an alibi defense?

5. Whether substantial after-discovered evidence tending to exculpate the convicted appellant may warrant the granting of a new trial?

Brief for Appellant at 2–3.

We have carefully reviewed the first three issues raised by appellant and we find them to be without merit.

■ The fifth issue relates to alleged after-discovered evidence. This averment is not properly before this Court.

As we said in *Commonwealth v. Fink,* 317 Pa.Super. 171, 463 A.2d 1140 (1983) (Opinion by Wieand, J.):

> The averment of newly discovered evidence in the form of an eyewitness who was present and would allegedly testify that the neighbor was injured when pulled by her dog and not by appellant's truck is not properly before this Court. Appellant has never presented this after-discovered evidence to the trial court and has never requested the trial court to grant a new trial for this reason. A motion requesting a new trial on grounds of after-discovered evidence must be filed in writing in the trial court. Pa.R.Crim.P. 1123(d). Compare: *Commonwealth v. Savage,* 270 Pa.Super. 388, 390, 411 A.2d 774, 775 (1979). This Court will not entertain such a motion in the first instance.

*Id.,* 317 Pa.Superior Ct. at 173, 463 A.2d at 1141.

■ The fourth issue on appeal relates to alleged ineffectiveness of trial counsel. We cannot determine this issue without an evidentiary hearing.

Appellant's averments that trial counsel was ineffective, made for the first time on appeal by new counsel, cannot be determined without an evidentiary hearing. Appellant contends that trial counsel had in his possession certain weather reports regarding rainfall which, if used, would have demonstrated that she could not have driven a truck across her neighbor's lawn, as the neighbor testified, without leaving tire marks on the lawn. She also contends that counsel was ineffective for failing to call as a witness a mechanic who had testified at the preliminary hearing and who, allegedly, would have testified at trial that appellant's truck was in such condition that it could not have traversed the ornamental railroad ties in the neighbor's yard without sustaining serious damage. "The problem in this case, as in most cases where the claim of ineffective assistance of counsel is raised on direct appeal, is that we have before us no

record of any hearing at which is delineated trial counsel's reasons for taking the steps later challenged. Where the record on appeal clearly shows that there could have been no reasonable basis for a damaging decision or omission by trial counsel, then or course the judgment must be vacated and appropriate relief, such as allowing the filing of post trial motions or the ordering of a new trial, granted. Where, on the other hand, it is impossible to tell from the record whether or not the action of trial counsel could have had a rational basis, the appellate court will vacate the judgment, at least for the time being, and remand for an evidentiary hearing at which trial counsel may state his reasons for having chosen the course of action taken.... A finding of ineffectiveness of counsel cannot be made 'unless we conclude that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized.' " *Commonwealth v. Turner,* 469 Pa. 319, 324, 365 A.2d 847, 849 (1976) (footnotes omitted), quoting *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 605 n. 8, 235 A.2d 349, 353 n. 8 (1967).

Such is the case here. Not only is the unutilized evidence not a matter of record but appellant's trial counsel has not had an opportunity to explain his decision not to use the weather reports or the testimony of the truck mechanic. Therefore, we must remand for an evidentiary hearing.

*Fink, supra,* 317 Pa.Superior Ct. at 174, 463 A.2d at 1141. (footnotes omitted).

The judgment of sentence is vacated,[1] and the case is remanded for an evidentiary hearing on appellant's averments that trial counsel was ineffective. If the trial court finds that counsel was ineffective, a new trial must be granted. Otherwise, the sentence shall be reinstated. Meanwhile, the jurisdiction of this court is relinquished.

---

1. Upon remand, appellant may, if he chooses to do so, file a motion for new trial on the grounds of after-discovered evidence.