472 A.2d 710

**COMMONWEALTH of Pennsylvania**

v.

**John G. JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 21, 1983.

Filed March 9, 1984.

Robert F. Pappano, Assistant Public Defender, Media, for appellant.

Vram Nedurian, Jr., Assistant District Attorney, Media, for Commonwealth, appellee.

Before BROSKY, JOHNSON and MONTGOMERY, JJ.

PER CURIAM:

This appeal arises from appellant's conviction of lotteries, gambling devices, criminal solicitation and criminal conspiracy, and his subsequent aggregate sentence of seven and

one-half (7½) to fifteen (15) years imprisonment and $15,-000.00 fine.

Appellant couches all of his basic claims in ineffectiveness of counsel allegations, thereby rendering inapplicable the doctrine of waiver.[1] As a result of our disposition of appellant's first assignment of error, however, we will not reach his other claims.

■ Appellant alleges that he was denied effective assistance of counsel in that trial counsel was permitted to withdraw after the denial of post-verdict motions but prior to sentencing.[2] He specifically argues that counsel's claim of a potential conflict of interest leads to the presumption that the same potential conflict existed prior to and during trial.

Counsel who is alleging ineffectiveness must, ordinarily, set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective. *Commonwealth v. Pettus*, 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981). In the instant matter, however, appellant was unable to pursue such a course of action as trial counsel's motion for leave to withdraw merely stated that a potential conflict of interest existed. Furthermore, appellant claims that he was not advised of the motion nor a hearing upon it, which claims are not disputed by our review of the record. In fact, we find nothing in the record to indicate that a hearing was held on the motion.

■ If such a potential conflict existed prior to the filing of the motion, it may have permeated the entire proceedings. Therefore, given the circumstances and our inability to dispose of the issue on the record before us, we must remand for an evidentiary hearing on whether trial counsel's potential conflict of interest existed prior to the filing

1. Appellant's underlying claims were not presented to the post-verdict or post-sentencing court for review.

2. Another attorney served as counsel for appellant during sentencing proceedings, and appellate counsel represents him for the first time herein.

of the motion to withdraw. *Commonwealth v. Fink*, 317 Pa.Super. 171, 463 A.2d 1140, 1141 (1983).

Remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.