477 A.2d 554

**COMMONWEALTH of Pennsylvania**

v.

**Maximino Cruz PEREZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 28, 1983.

Filed June 22, 1984.

Brian S. Quinn, Havertown, for appellant.

Sandra L. Elias, Deputy District Attorney, Media, for Commonwealth, appellee.

Before WICKERSHAM, MONTEMURO and MONTGOMERY, JJ.

PER CURIAM:

On October 25, 1981 at approximately 12:15 a.m., the body of Luisa Vazquez was discovered at 807 Madison Street, Chester, Pennsylvania in the second floor bathroom. Ms. Vazquez's throat had been slashed with a knife, the obvious victim of a homicide. Chester Police officers and detectives from the Criminal Investigation Division arrived on the scene and conducted an investigation. After interviewing the family, including the defendant, and reviewing the physical evidence, defendant was arrested on October 25, 1981 and charged with homicide. On December 7, 1981, defendant was arraigned and informations were filed. On March 23, 1982 a jury trial began before the Honorable Domenic D. Jerome on the charge of first degree murder with Michael Malloy representing the defendant. The Commonwealth was not seeking the death penalty. On March 25, 1983, the jury found the defendant guilty of first degree

murder. Defendant's timely post-trial motions were denied by Judge Jerome on June 23, 1983. On July 21, 1983, defendant was sentenced to life in prison, and on July 21, 1983 defendant filed a timely notice of appeal, *pro se.* Brian S. Quinn, Esquire was appointed to represent defendant on appeal.

Appellant frames the statement of questions involved in the following manner:

    I.  Should a mistrial be granted where a prosecutor makes prejudicial and inflammatory remarks during the opening statement?

    II.  Did the trial counsel's failure to use a reliable, independent interpreter at all stages of the matter constitute ineffective assistance of counsel?

    III.  Did trial counsel's failure to advise appellant of his right to participate in the selection of the jury constitute ineffective assistance of counsel?

    IV.  Did trial counsel's decision to have appellant testify at trial without adequately preparing that aspect of the case despite appellant's reluctance to testify constitute ineffective assistance of counsel?

Brief for Appellant at iii.

    As to the first issue relating to alleged prejudicial and inflammatory remarks made by the prosecutor during the opening statement, such issue was initially raised by Attorney Malloy in defendant's motion for new trial and in arrest of judgment. The issue was briefed, argued and the subject of an opinion dated June 23, 1982 written by Judge Jerome. Judge Jerome found that the remarks of the assistant district attorney in her opening address, if error, was harmless error. Our review of the record convinces us that Judge Jerome's conclusion was correct and we adopt the analysis and logic and conclusion from Judge Jerome's opinion under date of June 23, 1982 in response to the first issue in this appeal.

    Unfortunately, we are not in a position to determine the remaining issues raised in this appeal as they all deal

with alleged ineffectiveness of trial counsel and an evidentiary hearing will be necessitated in order to develop a proper record relating to the allegations of ineffective assistance of trial counsel. Obviously the trial record before us is completely silent as to whatever advice trial counsel may have given appellant relating to his right to participate in the selection of the jury and the record is equally silent as to whatever discussion took place between trial counsel and the defendant relating to the subject of whether or not appellant would testify at trial.

As was said in *Commonwealth v. Wade*, 480 Pa. 160, 389 A.2d 560 (1978):

Wade's final argument, advanced through new appellate counsel, alleges a series of omissions by trial counsel which are said to establish that Wade was denied his right to effective representation.[7] As we stated in *Commonwealth v. Hubbard, supra,* [472 Pa. 259, 372 A.2d 687 (1977)] before a defendant on direct appeal is entitled to relief under a theory of ineffective assistance of trial counsel, it must appear that the lawyer's act of omission or commission was arguably ineffective representation, and that it is likely that such ineffectiveness was prejudicial to the defendant. To resolve these matters it is frequently necessary for an appellate court to remand to the trial court for an evidentiary hearing. Such a remand is not necessary, however, when it is clear from the record that the actions or non-actions claimed to constitute ineffectiveness are devoid of merit or were within the realm of trial strategy. *Commonwealth v. Turner,* 469 Pa. 319, 365 A.2d 847 (1976).

[7] Since new counsel raised the ineffectiveness claim at the first stage of the proceeding in which he represented appellant, the issue is properly before the Court. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975).

*Id.* 480 Pa. at 172–73, 389 A.2d at 566–67.

The judgment of sentence is vacated and the case is remanded to the trial court for an evidentiary hearing to determine the factual background to the allegations of trial

counsel's alleged ineffectiveness. Should the trial court conclude that ineffectiveness of counsel did exist, a new trial shall be granted; if counsel is deemed to have been effective, the judgment of sentence shall be reinstated. Thereafter, either party may appeal.

Jurisdiction is relinquished.