J-A09037-18

2018 PA Super 239


COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
COREY M. DURRETT KING :
:
Appellant : No. 17 WDA 2017

Appeal from the PCRA Order December 13, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0010053-2013


BEFORE:    BOWES, J., DUBOW, J., and MURRAY, J.

CONCURRING AND DISSENTING OPINION BY BOWES, J.:

**FILED AUGUST 28, 2018**

While I agree with the learned Majority's conclusion that the PCRA court erred in dismissing Appellant's PCRA petition, I do not believe that an evidentiary hearing is required to determine whether trial counsel had a reasonable basis for not raising the defense for fleeing or attempting to elude police officer set forth in Section 3733(c)(1).  Instead, as the record clearly establishes that the omission of trial counsel had no reasonable basis, I believe that relief should be granted, and the case should simply be remanded for a new trial.

In my view, the Majority correctly determined that a police vehicle's "lights and siren" do not constitute "markings" for purposes of determining whether a police vehicle is "unmarked" under 75 Pa.C.S. § 3733(c)(1), and,

consequently, that Appellant's underlying claim that trial counsel was ineffective for failing to raise the defense has merit. I also agree with the Majority's finding that Appellant suffered prejudice as a result of trial counsel's failure to raise the defense.

On the record before us, I believe that an evidentiary hearing to afford trial counsel an opportunity to explain why he did not raise the defense is unnecessary. While I am mindful of our Supreme Court's preference for a hearing on counsel's strategy before venturing to hold that counsel lacked a reasonable basis for his or her actions or inactions, it is not a mandatory rule to be applied in all cases. **See Commonwealth v. Colavita**, 993 A.2d 874, 895 (Pa. 2010) ("As a **general rule**, a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion.") (emphasis added); **see also Commonwealth v. Turner**, 365 A.2d 847, 849 (Pa. 1976) ("Where . . . it is **impossible** to tell from the record whether or not the action of trial counsel could have had a rational basis, . . . remand for an evidentiary hearing at which trial counsel may state his reasons for having chosen the course of action taken . . ." is appropriate) (emphasis added).

Our High Court has held that a hearing is not required when the record on appeal clearly shows that there could have been no reasonable basis for counsel's inaction. **See Commonwealth v. McGill**, 832 A.2d 1014, 1022 (Pa. 2003) (holding that when the record clearly establishes that the act or

omission of trial counsel was without a reasonable basis, this Court may resolve the reasonable basis prong absent a remand for an evidentiary hearing as to counsel's strategy); **accord Turner**, **supra** at 849 (holding that no evidentiary hearing is necessary "[w]here the record on appeal clearly shows that there could have been no reasonable basis for a damaging decision or omission by trial counsel").

In the instant case, the record on appeal clearly shows that there could have been no reasonable basis for trial counsel's failure to raise the defense for fleeing or attempting to elude police officer set forth in Section 3733(c)(1). As the Majority observes,

> There is no dispute in this matter that the car at issue did not display any decals or graphics identifying it as a police vehicle. The testimony at trial of the detectives who arrested Appellant unequivocally indicates that they were driving an unmarked police vehicle that only had lights and a siren. Additionally, the record reflects that at the time they were pursuing Appellant, the detectives were not in uniform, but were in plain clothes.

Majority Opinion at 10-11 (citation to record omitted). On this basis, the Majority held that because the police vehicle that pursued Appellant was unmarked, and the officers inside that unmarked vehicle were not in uniform, Appellant's claim regarding the defense of Section 3733(c)(1) has merit, and Appellant was prejudiced by trial counsel's inaction. **Id**.

This jurist cannot imagine any reasonable basis for trial counsel not to raise a statutorily-provided defense to which his client is unquestionably entitled to assert. **See Colavita**, **supra** at 887 ("A finding that a chosen

strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued."). Requiring the PCRA court to conduct another evidentiary hearing, the outcome of which would be a foregone conclusion, would be a waste of judicial resources and is unnecessary under the circumstances presented herein. *See Commonwealth v. Schultz*, 484 A.2d 146, 148 n.4 (Pa.Super. 1984) (granting new trial rather than evidentiary hearing, where this Court found counsel's actions were unsubstantiated, and a remand for an evidentiary hearing would be a waste of precious judicial time). For this reason, I would simply grant relief, and remand the case for a new trial.