418 A.2d 376

**COMMONWEALTH of Pennsylvania**

v.

**Alfred HOYLE, Appellant.**

Superior Court of Pennsylvania.

Argued July 30, 1979.

Filed Dec. 28, 1979.

---

* It appears from the reproduced record that the prosecutrix was the only witness called on rebuttal.

Timothy J. Savage, Philadelphia, for appellant.

Andrew B. Cohn, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County, Trial Division, by the defendant–appellant, Alfred Hoyle, after conviction by a jury of third degree murder. Post–trial motions were denied and the defendant was sentenced to a prison term of seven to fifteen (7–15) years.

---

* Justice LOUIS L. MANDERINO of the Supreme Court of Pennsylvania, and Judge VINCENT A. CIRILLO of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

On June 27, 1975, the defendant and the victim, Bryan Clark, engaged in a street brawl before many witnesses and the defendant stabbed the victim to death. There was testimony that there was bad blood between the defendant and the decedent for some time before the fatal incident resulting in two unsuccessful attempts by the defendant to prosecute the victim. Despite eye witness testimony by three Commonwealth witnesses directly implicating the defendant in the killing of Bryan Clark, and two other eye witnesses that corroborated their testimony as to the street fight with the exception that they did not see the actual stabbing, the nature of the decedent's fatal wound, and the fact that after the stabbing the defendant fled, the defendant contends that purported inconsistencies and contradictions in all the eye witness testimony made the evidence insufficient to sustain the third degree murder verdict beyond a reasonable doubt.

It is well settled that:

"The test of sufficiency of the evidence is whether, accepting, as true all the evidence and all reasonable inferences therefrom, upon which, if believed, the fact finder could properly have placed its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crime of which he has been convicted. *Commonwealth v. Glass*, 486 Pa. 334, 405 A.2d 1236 (Pa. 1979, slip opinion at 4); *Commonwealth v. Hamm*, 474 Pa. 487, 494, 378 A.2d 1219, 1222 (1977)"

Viewed in the light most favorable to the Commonwealth as verdict winner, the testimony of three eye witnesses to the stabbing was more than sufficient to support defendant's conviction of third degree murder. Any inconsistencies in the Commonwealth's evidence were for the jury to resolve, and do not provide a proper basis for appellate relief.

It was a street fight before many witnesses and those called by both sides differed in many instances which is certainly not unusual. However, there were three witnesses whose testimony directly implicated the defendant in the killing of Clark. It is the jury's function to resolve the

inconsistencies and determine the credibility of the witnesses. *Commonwealth v. Duncan*, 473 Pa. 62, 373 A.2d 1051 (1977).

■ The defendant contends that the testimony of the medical examiner who, after examining the wound, testified it couldn't be caused by a screwdriver, but by a sharp instrument should not have been admitted. Certain eye witnesses testified to the use of a screwdriver; others to the use of a knife. Under proper charge, the jury can accept or reject the testimony of an expert witness. Here it most certainly was not so unreliable as to require reversal. Its weight was for the jury. *Commonwealth v. Crawford*, 468 Pa. 565, 364 A.2d 660 (1976).

The most serious issue raised by the defendant was the question of ineffectiveness of counsel.

At trial, just prior to closing, the District Attorney gave the names of seven eye witnesses that he was not calling. The court recognized that there was a problem of securing subpoenas on such short notice. Counsel did not ask for a recess for the purpose of attempting to interview the witnesses and the trial proceeded to verdict.

New counsel representing the defendant on appeal now raises the ineffectiveness issue. However, the new counsel failed to interview the seven witnesses so that it is pure conjecture whether their testimony would be relevant corroborative or exculpatory. It clearly would be cumulative whether favoring the Commonwealth or the defendant and would only add to the differences of opinion already indicated in the testimony of witnesses called by both sides. As the Commonwealth contends: "Here the defendant asks this courts to adopt a legal theory which would award every convicted defendant a new trial or an evidentiary hearing based on the mere assertion that potential trial witnesses were allegedly not interviewed."

The defendant relies on *Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976). In that case the defendant was sentenced upon a guilty plea to second degree murder. The

court granted a new trial because he was not afforded effective representation by counsel, when trial counsel, relying solely on police records, failed to make any attempt to confirm defendant's contention that he was hospitalized immediately after the killing for injuries received in the fight and where trial counsel discounted the defense of self-defense, as well as possible mitigation of crime, without questioning witnesses other than defendant and his brother because, in counsel's opinion, other witnesses were so hostile to the defendant that they would not have aided in his defense.

However, in *Commonwealth v. Jones,* 477 Pa. 266, 383 A.2d 926 (1978), the Supreme Court reasoned that *Mabie, supra,* did not establish a per se rule of ineffectiveness where potential witnesses were not interviewed because the strength of the Commonwealth's case against a defendant at trial, not the alleged failure to interview witnesses, had persuaded the defendant to plead guilty. The court points out that the claim was meritless because he has failed to allege in his appeal that the witnesses, if called, would have been favorable to him.

■ Here, it cannot be said that defendant was prejudiced by the failure to interview because of the strength of the Commonwealth's evidence based on the testimony of five eye witnesses who directly implicated defendant in the murder. As in *Jones, supra,* trial counsel and appeal counsel failed to allege that if interviewed, the witnesses would have been helpful to the defendant.

Judgment of sentence affirmed.

MANDERINO, J., files a concurring opinion.

This decision was reached prior to the death of MANDERINO, J.

MANDERINO, Judge, concurring:

I concur in the result reached by other members of the panel in this case since the panel, sitting as a Superior Court panel, follows the decisions of the Supreme Court. When

sitting as a member of the Supreme Court, as distinguished from my present duties, sitting by special designation as a member of Superior Court, I have expressed a contrary view. *Commonwealth v. Johnson*, 479 Pa. 60, 62, 387 A.2d 834, 835 (1978) (Manderino, J., dissenting).