424 A.2d 874

**COMMONWEALTH of Pennsylvania**

v.

**John Joseph McINTYRE, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 13, 1980.

Decided Jan. 27, 1981.

William A. Fitzpatrick, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is a direct appeal from an order of the Court of Common Pleas of Philadelphia denying a petition for post-conviction relief under the Post Conviction Hearing Act (PCHA), Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., formerly 19 P.S. § 1180–1 et seq. We affirm.

In February of 1970, appellant John McIntyre was tried before a jury for his involvement in the shooting death of a Philadelphia police officer. The shooting occurred while appellant and two accomplices were burglarizing a private residence and robbing its occupants.

The jury found appellant guilty of murder of the first degree, aggravated robbery, and burglary. Appellant was sentenced to life imprisonment on the murder conviction and

concurrent terms of ten to twenty years' imprisonment on the other verdicts.

On a counselled appeal, appellant challenged the sufficiency of the evidence, the introduction of his confession, the trial court's refusal to reconsider whether the confession should be suppressed, and the court's charge regarding the confession. This Court unanimously affirmed. 451 Pa. 42, 301 A.2d 832 (1973).

In October of 1976, appellant filed the present petition for relief under the PCHA. Appellant claimed: (1) that he was denied counsel of his choice when, before trial, his privately-retained counsel took a position with the office of the District Attorney of Philadelphia; (2) that evidence which would have bolstered his challenge to the confession was improperly suppressed; (3) that his suppression hearing counsel was ineffective for failing to argue that the judge presiding at appellant's suppression hearing acted improperly when he allegedly attended a memorial service for the deceased police officer; (4) that trial counsel was not adequately prepared; (5) that trial counsel was ineffective for failing to interview a possible alibi witness; and (6) that appellate counsel should have challenged previous counsel's failure to object to allegedly prejudicial remarks of the prosecuting attorney made in closing argument. On December 12, 1979, after extensive hearings, the PCHA court denied relief. This appeal followed.

In evaluating each of appellant's contentions, the PCHA court applied proper legal standards and reached a determination fully supported by the record. Properly deemed waived were the claims that appellant was denied counsel of his choice and that evidence supporting his challenge to the confession was suppressed. See PCHA, § 3(d), and *Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974) (cognizable issue waived under PCHA if not presented on direct appeal).

As to the claim that suppression hearing counsel should have objected to the suppression judge's asserted attendance at the memorial service, the PCHA court reason-

ably concluded from evidence presented at the hearings first, that it was not at all clear that the suppression judge had even attended the service, second, that the service was held after the suppression ruling had been entered, and third, that the service was general in nature, not for the particular officer killed. On this record there is no basis for disturbing the PCHA court's view that an objection would have been frivolous. See *Commonwealth v. Rice*, 456 Pa. 90, 318 A.2d 705 (1974), and *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

 Concerning appellant's claim that trial counsel was not adequately prepared, the PCHA court concluded that counsel was indeed well-prepared, and had engaged in an extensive review of previous counsel's files, consulted with previous counsel, reviewed notes of the suppression hearing as well as notes of the trial of an accomplice, and discussed the case with appellant. This determination, supported by the record, will not be disturbed. See, e. g., *Commonwealth v. Owens*, 454 Pa. 268, 312 A.2d 378 (1973). Appellant's further contention that trial counsel was ineffective for failing to interview a possible alibi witness was properly rejected by the PCHA court because the alleged alibi witness could not support the claimed defense. Cf. *Commonwealth v. Karchella*, 449 Pa. 270, 273, 296 A.2d 732, 733 (1972) ("[i]t would certainly have been reasonable for defense counsel to believe that such equivocating testimony would not lend support to his client's version of the shooting").

 Appellant's final claim, that appellate counsel should have raised previous counsel's failure to object to allegedly prejudicial remarks of the prosecuting attorney, also must fail. Appellant presented no evidence that trial counsel's failure to take objection was unreasonable. Nor has appellant established that the now-challenged remarks were so inherently prejudicial as to compel objection. Compare *Commonwealth v. James*, 484 Pa. 180, 398 A.2d 1003 (1979). The order denying post-conviction relief is, therefore, affirmed.

Order affirmed.