453 A.2d 587
**COMMONWEALTH of Pennsylvania**
v.
**Donald LEONARD, Appellant.**
Supreme Court of Pennsylvania.
Submitted Oct. 26, 1982.
Decided Dec. 10, 1982.

358

Barry S. Yaches, Philadelphia (Court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Gail Thackeray, Asst. Dist. Attys., for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Donald Leonard appeals from judgments of sentence imposed by the Court of Common Pleas of Philadelphia upon a jury's verdicts of guilty of murder of the first degree and criminal conspiracy. Appellant seeks a new trial, both on the ground that trial counsel was ineffective and on the contention that an inculpatory statement which he gave to police was the product of an unlawful arrest and hence inadmissible. After an evidentiary hearing with new counsel on post-verdict motions raising these claims, the court denied relief and sentenced appellant to a term of life imprisonment for murder of the first degree and a concur-

rent term of five to ten years for criminal conspiracy. We affirm.

## I

Appellant was charged in connection with the death of Adolph Cooper. The Commonwealth's case against appellant was established largely through the testimony of Marjorie Hightower, an eyewitness to the killing. She testified that she had been sitting in her father's car listening to the radio from approximately 11:00 to 11:30 p.m. on the day of the victim's death. At some point during this period, she saw a man pursued by three others running toward her. At trial she identified one of the pursuers as appellant and one as "Butch," both of whom she had previously known. She stated that she had not recognized the third pursuer or the victim.

Marjorie Hightower testified that the victim fell to the ground at the corner of York and Napa Streets, whereupon Butch stabbed him and appellant kicked and punched him. The victim then got up and ran to the next corner, fell again, and was again stabbed by Butch and kicked and punched by appellant. She then went into her house and called the police. When she returned, she saw the victim lying on the sidewalk where he had fallen the second time. She then saw the victim get to his feet and run one block farther, at which point the concerted attack on him resumed, this time with appellant using a long iron pipe to beat the victim on the side of the head. The victim was later found lying on the sidewalk by a police officer responding to the telephone call. An autopsy revealed that the victim had died as a result of multiple head injuries and stab wounds in the back.

Appellant was arrested in his home early the next morning without a warrant. At police headquarters, Detective Frank O'Brien obtained a search warrant and, pursuant to the warrant, took possession of appellant's jacket and trousers, both of which contained spots of blood later determined to be of the same blood type as the victim's. Subsequently,

after being advised of his *Miranda* rights, appellant gave and signed a written statement in which he said, "I just hit [the victim] with the pipe after he was already hit." At trial, the Commonwealth, without objection, introduced this statement as evidence against appellant.

## II

Appellant advances numerous contentions in support of his position that his trial counsel was ineffective. Appellant claims that trial counsel was ineffective for (1) failing to interview and call two alibi witnesses; (2) failing to cross-examine the Commonwealth's medical expert on whether the stab wounds alone were sufficient to cause the victim's death; (3) failing to submit a point for charge on the cause of death; and (4) failing to object to certain statements of the prosecuting attorney in his closing argument to the jury.[1] Our evaluation of appellant's ineffectiveness claims is governed by the standard set forth in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967):

> "[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis designed to effectuate his client's interest.* The test is not whether alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis."

427 Pa. at 604–05, 235 A.2d at 352 (emphasis in original).

In his first claim of ineffectiveness, appellant argues that trial counsel should have interviewed and called as alibi witnesses appellant's mother and appellant's companion,

---

1. In addition, appellant argues that the trial court erred in failing to instruct the jury on the issue of causation and that the court erred in failing to remedy the prosecutor's allegedly improper closing argument. These claims have not been preserved for appellate review. See *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974); *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974).

Darryl Ebo. Appellant alleges that the testimony of both of these witnesses would have provided him with an alibi by placing him at a location different from that of the crime at the time the killing occurred.

It is well-settled that the failure of trial counsel to call a potential alibi witness does not constitute ineffective assistance unless there is some showing that the testimony of the absent witness would have been helpful in establishing the asserted defense. See, e.g., *Commonwealth v. McIntyre,* 492 Pa. 306, 424 A.2d 874 (1981); *Commonwealth v. Abney,* 465 Pa. 304, 350 A.2d 407 (1976). See also *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975). Here the record establishes that neither the testimony of appellant's mother nor the testimony of Darryl Ebo could have established appellant's alibi defense.

As to Darryl Ebo, appellant stated at the post-trial evidentiary hearing that he had met Ebo at about 10:30 p.m. on the day in question, and that the two had walked to appellant's house together, arriving at about 11:00 p.m., at which time Ebo parted company with appellant. However, the Commonwealth established through the testimony of Marjorie Hightower that the killing took place between 11:00 and 11:30 p.m., within six blocks of appellant's home. Ebo's testimony, therefore, could not have rebutted the inference that arose from the testimony of the Commonwealth's eye-witness that appellant had left his home sometime after 11:00 p.m., met with Butch and another person about six blocks from appellant's home, and then participated in the killing of Adolph Cooper.[2]

As to appellant's mother, appellant's trial counsel testified at the post-trial evidentiary hearing that he had not called her as an alibi witness because she had told him that she had

2. Although both appellant's trial counsel and the prosecuting attorney attempted to contact Ebo, Ebo was never located. Appellant alleges that because trial counsel was court-appointed, his failure to utilize a court-appointed investigator to help locate Ebo constituted ineffective assistance of counsel. Because we conclude that Ebo would not have been able to advance appellant's alibi defense even if called to testify, appellant's claim must be rejected.

been upstairs in her home from 11:00 to 11:30 p.m. on the night in question, and that she had not seen appellant during this period, but had only heard voices downstairs, one of which she believed to be her son's. In light of the inability of appellant's mother to testify with certainty that appellant was at home during the relevant time periods, counsel's decision not to call her as an alibi witness must be deemed to have had a reasonable basis.[3]

Appellant's second allegation of ineffectiveness challenges trial counsel's failure to ask the Commonwealth's medical expert whether the victim's death resulted from the stab wounds alone. Appellant asserts that if it had been established that the stab wounds alone caused the victim's death, he could not have been held criminally responsible because the Commonwealth's evidence showed that he had inflicted only the victim's head injuries.

This contention is meritless. The Commonwealth's medical expert testified that in his opinion the cause of death had been "the combined effects of the head injuries and the stab wounds to the back." He also stated that although the stab wounds "penetrated through the muscles of the back and ended up in the areas of the right kidney, where there was some bleeding," the head injuries, which caused a crushing of the bony structures of the right side of the skull, were "more severe" than the stab wounds. In the face of this testimony, trial counsel's decision not to cross-examine the medical expert on the issue of causation had a reasonable basis, as this decision avoided the possibility that the medical expert would reemphasize the severity of the

**3.** Appellant also asserts that, even though his mother did not actually see appellant, she should have been called instead of appellant's stepfather, Vincent Taylor, the alibi witness called by the defense, because Taylor's testimony was subject to impeachment through his prior criminal record. Notwithstanding Vincent Taylor's prior criminal record, it was reasonable for trial counsel to conclude that the testimony of Taylor, who claimed to have seen appellant during the critical period, would be more helpful to appellant than the testimony of appellant's mother.

blows to the victim's head.[4]

In his third allegation of ineffectiveness appellant challenges counsel's failure to object to the adequacy of the trial court's instructions on causation. Appellant argues that because the stab wounds preceded the head injuries, the jury could have concluded that the stab wounds were the sole cause of death, and that, therefore, counsel should have requested a jury instruction to this effect. Because the evidence at trial would not have justified such an instruction, counsel's failure to make such a request cannot be deemed to have been ineffective. See *Commonwealth v. Rice*, 456 Pa. 90, 318 A.2d 705 (1974) (counsel not ineffective for failing to pursue baseless claim).

Appellant's final allegation of ineffectiveness concerns counsel's failure to object to certain portions of the prosecuting attorney's closing argument. Appellant first challenges the prosecutor's reference to appellant's failure to produce certain alibi witnesses:

"But who did you hear testify in this case, with all those people that you heard [appellant] was with, the mother, the father, the friend, Mr. Ebo, the bartender—you heard [appellant] testify, and you heard his stepfather testify. And that is it."

Appellant argues that because the jury was urged to draw an adverse inference from his failure to produce a number of alibi witnesses, counsel's failure to object amounted to ineffective assistance.

This Court has held that where an accused raises an alibi defense and names a person who it is claimed can support the defense but fails to call him as a witness, it is

4. We note that even if counsel could have established that the stab wounds had been the sole cause of death, such a showing would not have relieved appellant of liability. The Commonwealth's eyewitness, Marjorie Hightower, testified that throughout the chase appellant had been an active participant, kicking and punching the victim each time the victim had fallen. This conduct would have rendered appellant liable as an accomplice for the stabbing of the victim. See 18 Pa.C.S. § 306(c); *Commonwealth v. Bridges*, 475 Pa. 535, 381 A.2d 125 (1977).

permissible for the jury to infer that the testimony of the absent witness would not have been favorable to the accused. See *Commonwealth v. Johnson,* 457 Pa. 554, 560–61, 327 A.2d 632, 636–37 (1974); *Commonwealth v. Wright,* 444 Pa. 536, 541, 282 A.2d 323, 325 (1971). Because it was not improper for the prosecuting attorney to urge the jury to draw the inference that the testimony of appellant's alleged alibi witnesses would not have corroborated his alibi, counsel was not ineffective for not interjecting an objection to the prosecutor's remark. See *Commonwealth v. Rice,* supra.

Appellant also challenges counsel's failure to object to those portions of the prosecutor's summation in which the prosecutor argued a hypothetical reconstruction of the killing and concluded:

"Just enough time for [appellant] and his friend and whoever it was to leave his house, take a five to ten minute walk or run, meet up with Adolph Cooper, and say, Adolph you owe us some money, this, that, and the other, and then the chase continued and the rest is motion picture history."

Appellant contends that because there was no evidence that the victim had owed any money to appellant or Butch, the prosecutor's statement improperly attributed to appellant a motive that was not supported by the evidence.

■ Appellant overlooks the fact that in his own statement to the police he referred to the origin of the dispute as follows:

"Then Butch came back with the wine, and the dude that is dead came around the corner behind him. The guy said that he wanted to fight Butch about some money or something."

Because appellant acknowledged that the killing may have been related to "some money," it cannot be said that the prosecutor went beyond the "facts in evidence and legitimate inferences therefrom." *Commonwealth v. Goosby,* 450 Pa. 609, 612, 301 A.2d 673, 675 (1973). Thus it was not ineffective for counsel not to object to the prosecutor's remark.

Appellant's final contention—that his inculpatory statement was improperly admitted—is based on the fact that the police arrested appellant in his home without a warrant. Appellant maintains that there were no exigent circumstances to support his warrantless arrest, and that the arrest was thus unlawful.

 It is clear that in the absence of exigent circumstances the warrantless arrest of appellant in his home would have been unlawful. See *United States v. Johnson,* 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982); *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Here, however, the trial court specifically found that there were sufficient exigent circumstances to justify appellant's warrantless arrest. Because the record adequately supports this determination, appellant has not established that his confession was inadmissible as the product of an unlawful arrest.

Judgments of sentence affirmed.