467 A.2d 1173

**COMMONWEALTH of Pennsylvania**

v.

**Demetrio REYES, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 6, 1983.

Filed Nov. 18, 1983.

William P. James, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before ROWLEY, POPOVICH and MONTGOMERY, JJ.

PER CURIAM:

Following a non-jury trial, appellant was convicted of third-degree murder and possessing an instrument of crime in connection with the stabbing death of his girlfriend. Appellant's post-trial motions were denied and he was sentenced to two consecutive terms of imprisonment totalling 12½ to 25 years. This direct appeal was filed by trial counsel.

Subsequent to filing the appeal, trial counsel petitioned this Court for permission to withdraw as appellant's counsel. The petition was granted and new counsel was appointed. The sole issue presented by appellate counsel is the effectiveness of trial counsel. It is argued that trial counsel was ineffective for failing to question the competency of

appellant to stand trial and to waive his right to a jury trial. It is also argued that trial counsel was ineffective for failing to challenge the competency of appellant to waive his constitutional rights and make an uncounseled statement to the police several hours after the stabbing incident. In addition, it is argued that counsel was ineffective for failing to "present relevant and available psychiatric evidence to negate malice" at appellant's trial. Finally, it is argued that trial counsel was ineffective for failing to challenge the competency of the decedent's 11-year-old son who was called by the Commonwealth as an eyewitness to the stabbing.

Although being raised for the first time on appeal, the issue of trial counsel's effectiveness is properly before us for review since this is the first occasion on which appellant is represented by counsel other than trial counsel. *Commonwealth v. Nelson*, 311 Pa.Super. 1, 456 A.2d 1383 (1983). The difficulty, of course, at this stage of the proceeding is that we have no record on which the claims asserted can be evaluated. This is one of those cases where it is impossible to tell from the record before us whether the claims have arguable merit and/or whether trial counsel had a reasonable basis for the course of conduct taken.

The Commonwealth argues that trial counsel's conduct was the result of trial strategy. The difficulty is that we cannot tell from this record whether trial counsel even considered raising the issue of appellant's mental competence to waive his rights or to stand trial, let alone that he made a strategic decision to forego those issues. The same may be said of the claim that an available defense based on appellant's mental condition at the time of the stabbing was foregone. *Commonwealth v. Turner*, 469 Pa. 319, 365 A.2d 847 (1977). Therefore, it is necessary to vacate the judgments of sentence and remand this case for an evidentiary hearing on the ineffectiveness claims raised by appellant. *Commonwealth v. Corish*, 296 Pa.Super. 92, 442 A.2d 311 (1982).

Judgment of sentence vacated and case remanded for an evidentiary hearing. If the trial court finds that counsel was ineffective, then it should grant appropriate relief. If appellant is unable to sustain his contention that counsel was ineffective, then the judgment of sentence should be reimposed.

Jurisdiction relinquished.