489 A.2d 213

**COMMONWEALTH of Pennsylvania**

**v.**

**Elbert GRAY, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 4, 1984.

Filed March 1, 1985.

Paul R. Gettleman, Zelienople, for appellant.

Melianda G. Tell, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before BROSKY, TAMILIA and ROBERTS, JJ.

BROSKY, Judge:

This appeal is from the judgment of sentence after a jury found appellant guilty of two counts of robbery.[1] He contends that: (1) trial counsel was ineffective for introducing appellant's mugshot into evidence and failing to interview potential alibi witnesses; and (2) that the trial court erred in sentencing him on both robbery counts when they arose out of the same transaction. We agree in part with appellant's first contention and remand for an evidentiary hearing.

1. 18 Pa.C.S. § 3701.

On January 26, 1982, a robbery occurred at the Casbah Lounge in Pittsburgh. A man came into the bar and, after being served a glass of water, pulled out a shotgun and robbed the bartender and a customer.

The following month both the bartender and the customer selected appellant's picture from a photographic array. The customer also identified appellant from a lineup. Both the bartender and the customer identified appellant at the preliminary hearing.

A pre-trial motion to suppress the identification was heard and denied by the trial court. The trial began on October 26, 1982 and, on October 27, 1982, the jury found him guilty of robbery. Post-trial motions were timely filed and denied and, on February 1, 1983, appellant was sentenced to 2½ to 5 years imprisonment on one of the robbery counts and 10 years consecutive probation on the other. This appeal timely followed.

■ Appellant first argues that trial counsel was ineffective for introducing appellant's mugshot into evidence.[2] During his cross-examination of the Commonwealth's witnesses counsel used the mugshots the police had shown the witnesses in the photographic array to question these witnesses concerning their identification. After he was done with the questioning, he moved for the admission of the photos into evidence. Trial counsel also indicated that the photos were of people who had been arrested at some time.

■ Appellant correctly notes that generally testimony of prior criminal activity is inadmissible. *Commonwealth v. Allen*, 448 Pa. 177, 292 A.2d 373 (1972). Thus, reference to a defendant's photograph from which a juror could reasonably infer that the accused had engaged in prior criminal activity constitutes reversible error. *Id.* Instantly, there is

2. We note that the issue of trial counsel's ineffectiveness is properly before us, since this is the first stage of the proceedings at which counsel other than whose ineffectiveness is being alleged is representing appellant. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

no question that a juror could have so inferred from the testimony.

■ The preceding discussion clearly establishes that appellant's claim of ineffective assistance is at least of arguable merit. However, in order to prove a claim of ineffective assistance, a defendant must show both that the claim is of arguable merit and that counsel had no reasonable basis for his action. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

There are unquestionably instances where trial counsel may properly elect to allow the introduction of technically objectionable testimony where there is an advantage to be gained by its admission. For example the U.S. Supreme Court recognized that counsel may properly allow his opponent to introduce objectionable evidence where the defense is in possession of information to contradict that testimony and thereby create an issue of credibility which might provide a basis for a jury to acquit. *Henry v. Mississippi*, 379 U.S. 443, 451, 85 S.Ct. 564 [569], 13 L.Ed.2d 408 (1965). In *Commonwealth v. Goosby*, 461 Pa. 229, 336 A.2d 260 (1975) we approved of trial strategy which waived an objection to the admissibility of a statement of the defendant where the statement indicated that the shooting might have been in self-defense or at least in the heat of passion. There we reasoned that although the statement admitted the shooting, the prosecution had eyewitnesses who had presented impressive evidence to establish that appellant was the perpetrator. In that situation we concluded:

"[b]y acquiescing to the admission of the statement and by using the exculpatory portions of it to rebut or weaken the prosecution's very strong case, counsel had an eminently *'reasonable basis* designed to effectuate appellant's interest.' "

However, in *Commonwealth v. Zapata*, 455 Pa. 205, 314 A.2d 299 (1974) we held that trial counsel was ineffective for eliciting testimony of defendant's convictions for

charges (which could not have been otherwise introduced). In that opinion we had occasion to observe:
"Even where its use is properly limited to impeaching credibility, the introduction of a defendant's criminal record possesses a potential for severe prejudicial impact on a jury. Thus, there would rarely be a time when the introduction of such evidence would produce some result favorable to the defendant.

*Commonwealth v. Witherspoon*, 481 Pa. 321, 327–28, 392 A.2d 1313, 1316–17 (1978).

■ Thus, although it is unlikely that counsel's action had a reasonable basis, we must consider that possibility. "The problem in this case, as in most cases where the claim of ineffective assistance of counsel is raised on direct appeal, is that we have before us no record of any hearing at which is delineated trial counsel's reasons for taking the steps later challenged ... Where ... it is impossible to tell from the record whether or not the action of trial counsel could have had a rational basis, the appellate court will vacate the judgment ... and remand for an evidentiary hearing at which trial counsel may state his reasons for having chosen the course of action taken." *Commonwealth v. Turner*, 469 Pa. 319, 324, 365 A.2d 847, 849 (1976) (footnote omitted), relying on *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 605 n. 8, 235 A.2d 349, 353 n. 8 (1967). Since we find it impossible to tell from the record whether there was a reasonable basis for counsel's action, we must remand for an evidentiary hearing.

■ Appellant also argues that counsel was ineffective for failing to interview potential alibi witnesses. "Counsel who is alleging ineffectiveness must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective." *Commonwealth v. Pettus*, 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981). In the context of appellant's claim, *Pettus* requires him to offer to prove that counsel was aware of the alibi witnesses, see *Commonwealth v. Ford*, 491 Pa. 586, 421 A.2d 1040 (1980), and that

the witnesses would have been helpful in establishing his alibi defense, see *Commonwealth v. Leonard*, 499 Pa. 357, 453 A.2d 587 (1982).

■ This appellant has done. He has offered to prove that he advised counsel that, at the time of the robbery, he was speaking on the phone in a three way conversation with his mother and an attorney and that trial counsel never investigated these facts. We conclude that these facts if proven show that counsel may have been ineffective and will remand for an evidentiary hearing in order to give appellant an opportunity to prove trial counsel's ineffectiveness.

■ Appellant's final contention,[3] is that he should not have been sentenced on both counts of robbery since they arose out of the same transaction. We disagree.

> The natural and logical meaning of this definition of the crime of robbery is that a separate robbery may be found to have occurred each time another individual is put in fear, and from whom goods or money is taken. Therefore, if five individuals are robbed in a room at gunpoint, five separate robberies have occurred since each victim was placed in apprehension by the acts of the assailant.

*Commonwealth v. Lockhart*, 223 Pa.Super. 60, 62–3, 296 A.2d 883, 884 (1972); see *Commonwealth ex rel. Otten v. Smith*, 126 Pa.Super. 238, 190 A. 525 (1937).

Accordingly, the judgment of sentence is vacated and the case is remanded for an evidentiary hearing on appellant's two averments that trial counsel was ineffective. If the

---

3. Appellant also attempts to argue that trial counsel was ineffective in regard to the lineup and preliminary hearing identifications. This issue was not set forth in appellant's statement of the questions involved portion of his brief nor suggested thereby. Therefore, it will not be considered.

> The statement of the questions involved must state the question or questions in the briefest and most general terms ... This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby.

Pa.R.A.P. 2116(a); see *Commonwealth v. Calloway*, 313 Pa.Super. 173, 459 A.2d 795 (1983).

trial court finds that counsel was ineffective, a new trial must be granted. Otherwise, the sentence shall be reinstated. Jurisdiction relinquished.

TAMILIA, J., files a Concurring and Dissenting Opinion.

TAMILIA, Judge, concurring and dissenting:

I agree with the majority's conclusion that this case should be remanded for an evidentiary hearing regarding the strategy chosen by appellant's counsel whereby he referred to the photographic array, which contained appellant's photograph, during cross-examination and moved to admit the array into evidence. In view of the fact that the appellee has acknowledged that this strategy presented a degree of risk, it requires remand for an evidentiary hearing in order to evaluate appellant's claim of ineffective assistance of counsel. This result is mandated by the present state of the record, which contains no explanation for counsel's trial strategy. As such, the present record is inadequate to make an informed determination of the claim possible. *Commonwealth v. Reyes*, 321 Pa.Super. 149, 467 A.2d 1173 (1983). In addition, I concur with the majority's conclusion that the lower court acted properly in sentencing appellant on both counts of robbery. *See Commonwealth v. Frisbie*, 506 Pa. 461, 485 A.2d 1098 (1984).

I respectfully dissent, however, from the majority's decision to remand for an evidentiary hearing regarding trial counsel's ineffectiveness for failing to interview potential alibi witnesses as this claim is without merit. It is well-settled that the failure of trial counsel to call a potential alibi witness does not constitute ineffective assistance unless there is some showing that the testimony of the absent witness would have been helpful in establishing the asserted defense. *See e.g., Commonwealth v. Leonard*, 499 Pa. 357, 453 A.2d 587 (1982); *Commonwealth v. McIntyre*, 492 Pa. 306, 424 A.2d 874 (1981); *Commonwealth v. Hoyle*, 274 Pa.Super. 220, 418 A.2d 376 (1979). Trial counsel will be deemed ineffective only when it is shown that a defendant has informed his attorney of the existence of the witness

and that the attorney, without investigation and without adequate explanation, failed to call the witness at trial. *Commonwealth v. Hollerbush,* 298 Pa.Super. 397, 444 A.2d 1235 (1982).

In the instant case, appellant took the stand in his own defense and when asked by trial counsel if he knew where he was on the day of the alleged incident, appellant replied, "No, I don't." (N.T. 155). Appellant's answer to this inquiry belies the claim which he asserts and negates the need for alibi witnesses since appellant admits he did not know where he was on the day of the incident. Moreover, appellant's testimony is devoid of any indication that he advised trial counsel of the existence of alibi witnesses. Consequently, it appears that appellant has made a bald assertion of ineffective assistance of counsel which is unsupported by both the facts of the present case and the law of Pennsylvania.

Our Supreme Court has recently held that "where it is clear that allegations of ineffectiveness of counsel are baseless or meritless then an evidentiary hearing is unnecessary and the unfounded allegations should be rejected and dismissed." *Commonwealth v. Clemmons,* 505 Pa. 356, 479 A.2d 955 (1984) (citation omitted). As appellant's alibi defense would have been fruitless in light of his own uncertainty as to his whereabouts on the day the incident occurred, trial counsel cannot be deemed ineffective for failing to pursue this line of defense. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

Finally, this Court has recently held that after a defendant has shown counsel was ineffective as defined under the by now familiar precepts of *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967) and its progeny, in order to be entitled to a new trial, he must show that counsel's deficient performance resulted in prejudice. *Commonwealth v. Garvin,* 335 Pa.Super. 560, 485 A.2d 36 (1984) (citing with favor the ineffectiveness standard announced by the United States Supreme Court in *Strickland*

**394**

*v. Washington,* 466 U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

Here, the appellant has unequivocally failed to establish the necessary degree of prejudice to satisfy this requirement.

Accordingly, I would limit the evidentiary hearing on remand solely to the issue of trial counsel's ineffectiveness for referring to appellant's photograph during cross-examination and eliciting that they were derived from police files, *Commonwealth v. Reiss,* 503 Pa. 45, 468 A.2d 451 (1983); *Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 373 (1972).