J-S05020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEFFREY WAYNE BAKER, | |
| Appellant | No. 755 MDA 2015 |

Appeal from the PCRA Order April 2, 2015
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0000831-2007

BEFORE:  BENDER, P.J.E., SHOGAN, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED FEBRUARY 12, 2016**

Appellant, Jeffrey Wayne Baker, appeals from the order denying his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  In addition, counsel has filed a petition seeking to withdraw.  We grant counsel's petition to withdraw and affirm the order of the PCRA court.

The PCRA court summarized the factual and procedural history as follows:

Statement of Facts

On February 6, 2007, Detective Adam Shope of the East Pennsboro Police Department, Detective Earl Bock of the District Attorney's Office, along with several other officers, served a

_____

[*]  Retired Senior Judge assigned to the Superior Court.

search warrant at 115 South Enola Drive in Enola, Pennsylvania. [Appellant], 34 year old Jeffrey Baker, resides at the address with his father, Jack Baker, and his stepmother, Ruth Murray. Officers were acting on cybertips reported through America Online's (AOL) legal department that identified [Appellant's] email account as containing images that appeared to be child pornography. Officers had a search warrant for [Appellant's] computer and other computer hardware, software, CDs, DVDs which they believed to contain child pornography. [Appellant] was naked in bed sleeping when officers arrived, and his laptop computer was on a table by the side of his bed.

[Appellant] told Detective Bock that he conducted web searches using the search term "anal gang bang" and downloaded files with names that led him to believe that they were child pornography, and that he had downloaded files as recently as the night before the search warrant. [Appellant] told Detective Bock that he used emails and a file-sharing website to trade nude and non-nude images of children.

Detectives seized [Appellant's] computer and other evidence from the residence and left without arresting [Appellant] at that time. [Appellant] told detectives that they would find child pornography on the seized computer. [Appellant's] laptop computer was attached to a write-blocker, which is a device that prevents additional items from being added to the hard drive. The content was analyzed by the Pennsylvania State Police and by the National Children's Resource Center. [Appellant's] computer was found to contain 34 video files of child pornography. Additional child pornography files were found on two CDs seized from [Appellant's] bedroom.[1]

---

[1] The files that were opened contained images of children as young as two years old being sexually abused. The first report of Dr. Paula B. George, the medical director of Children's Resource Center of PinnacleHealth, stated, "Many of these video/movie clips are of pre-school aged children being subjected to sex acts including vaginal, anal, and oral penetration by adult males or females." Report, 6/1/08, at 2, Commonwealth Exhibit 19; N.T., 7/14/08, at 175.

## Procedural History

A criminal complaint was filed on March 9, 2007, and [Appellant] was arrested on March 15, 2007. [Appellant] filed a Motion to Suppress on October 22, 2007. A hearing on the Motion was held before Judge J. Wesley Oler, Jr., on January 2, 2008. [Appellant's] Motion was denied. A jury trial was then held on July 14 and 15, 2008. [Appellant] was found guilty of [twenty-nine counts of sexual abuse of children and one count of criminal use of communication facility] and was ordered to submit to an assessment by the Sexual Offender Assessment Board. A hearing was held on April 20, 2009, to determine [Appellant's] status as a Sexually Violent Predator. After the hearing and consideration of briefs submitted by the parties, the Court found [Appellant] to be a Sexually Violent Predator. On May 12, 2009, [Appellant] was sentenced to a term of state imprisonment for twenty-five to fifty years. This was the mandatory minimum sentence required under 42 Pa.C.S. § 9718.2 and § 9795.1 of the Pennsylvania Sentencing Code.

[Appellant] appealed his case to the Superior Court of Pennsylvania. On June 27, 2011, in a published opinion, the Superior Court affirmed [Appellant's] judgment of sentence and found that he was properly determined to be a sexually violent predator. Commonwealth v. Baker, 24 A.3d 1006 (Pa. Super. 2011). [Appellant] then appealed this decision to the Supreme Court of Pennsylvania. On October 30, 2013, in a published opinion, the Supreme Court affirmed [Appellant's] twenty-five year mandatory minimum sentence for [Appellant's] second conviction of possessing child pornography. Commonwealth v. Baker, 78 A.3d 1044 (Pa. 2013).

[Appellant] filed this [timely[2]] Motion for Post-Conviction Collateral Relief pro se on March 6, 2014. Counsel was appointed to represent [Appellant] and he was allowed to file an amended petition. On October 6, 2014, this Court granted permission for [Appellant's] then PCRA counsel to withdraw. A new attorney was appointed to represent [Appellant] and he again was allowed permission to file an amended PCRA petition.

---

[2] The Commonwealth stipulated at the PCRA hearing on April 2, 2015, that the PCRA petition was timely. N.T. (PCRA), 4/2/15, at 3.

On January 20, 2015, [Appellant] filed an Amended Post-Conviction Relief Act petition alleging ineffective assistance of trial counsel. The hearing on the PCRA petition was held on April 2, 2015. This Court denied [Appellant's] amended Post-Conviction Relief Act petition.

On May 1, 2015, [Appellant] filed a Notice of Appeal to the Superior Court of Pennsylvania of the denial of his Post-Conviction Relief Act petition. On May 4, 2015, the Court ordered that [Appellant] file a Concise Statement of Errors Complained of on Appeal on or before May 25, 2015. On May 21, 2015, [Appellant's] counsel filed a Statement of Intent to file an Anders/McClendon[3] brief. [Appellant's] counsel specifically stated "after a conscientious examination of the record, Counsel finds the appeal to be wholly frivolous." This statement of intent to file an Anders/McClendon brief was filed in lieu of filing a Concise Statement of Errors Complained of on Appeal.[4]

PCRA Court Opinion, 6/9/15, at 1–4 (footnotes omitted).

After Appellant's counsel filed a notice of intent to withdraw, counsel filed a petition to withdraw as counsel and a purported ***Turner/Finley***[5]

---

[3] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1186 (Pa. 1981).

[4] "[I]n lieu of a Concise Statement, . . . counsel will file an Anders/McClendon brief in this matter. See Pa.R.A.P. 1925(c)(4)." PCRA Court Opinion, 6/9/15, at 4. The PCRA Court Opinion, therefore, does not address any issues.

[5] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

- 4 -

brief.[6]  We will refer to counsel's erroneously titled **Anders** brief as a **Turner**/**Finley** brief.

Prior to addressing Appellant's claims on appeal, we must address counsel's petition to withdraw as counsel.  When counsel seeks to withdraw representation in a collateral appeal, the following conditions must be met:

1)  As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter;

2)  PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims;

3)  PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless;

4)  PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;

---

[6]  Counsel erroneously purports to withdraw under **Anders v. California**, 386 U.S. 738 (1967), which applies when counsel seeks to withdraw from representation on direct appeal.  When, as in this case, counsel seeks to withdraw from representation on collateral appeal, the dictates of **Finley** and **Turner** are applicable.  **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (counsel petitioning to withdraw from PCRA representation must proceed not under **Anders**, but under **Turner** and **Finley**).  Because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** "no merit" letter.  **Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014).

> 5)    The court must conduct its own independent review of the record in light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and
>
> 6)    The court must agree with counsel that the petition is meritless.

*Commonwealth v. Daniels*, 947 A.2d 795, 798 (Pa. Super. 2008) (internal punctuation marks omitted) (citing *Commonwealth v. Friend*, 896 A.2d 607, 615 (Pa. Super. 2006)); *see also Commonwealth v. Doty*, 48 A.3d 451 (Pa. Super. 2012) (listing conditions to be met by counsel in seeking to withdraw in collateral appeal.).

Here, counsel described the extent of his review, identified and evaluated issues, and concluded that the appeal is frivolous. Counsel has flagged issues relevant to this appeal and explained why, in his opinion, the issues are without merit. In addition, counsel sent to Appellant copies of his motion to withdraw and *Turner*/*Finley* brief filed in this Court, and a letter advising Appellant of his right to retain new counsel or proceed *pro se* to raise any issues he believes this Court should consider. Thus, we conclude that counsel has substantially complied with the requirements necessary to withdraw as counsel. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with the requirements to withdraw as counsel will satisfy the *Turner*/*Finley* criteria).

We now independently review Appellant's claims to ascertain whether they entitle him to relief.[7]

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Hanible***, 612 Pa. 183, 204, 30 A.3d 426, 438 (2011) (citing ***Commonwealth v. Colavita***, 606 Pa. 1, 21, 993 A.2d 874, 886 (2010)). We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. ***Id***. . . . "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Roney***, 622 Pa. 1, 16, 79 A.3d 595, 603 (2013).

***Commonwealth v. Mason***, ___ A.3d ___, ___, 2015 WL 9485173 at *6 (Pa. 2015) (decided December 29, 2015).

---

[7] On October 26, 2015, Appellant, *pro se*, filed in this Court a "Petition for Appointment of Counsel and New Trial," which has been deferred to this panel for review. In the motion, Appellant avers that he "has repeatedly been assigned the least qualified counsel the county courts could find." ***Id***. at 1. Thus, Appellant requests appointment of different counsel. "While the appointment of counsel in PCRA proceedings has been made mandatory by our rules of criminal procedure, . . . appointed counsel possesses the prerogative of declining to litigate a meritless petition. ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (Pa. 1988)." ***Commonwealth v. Albrecht***, 720 A.2d 693, 699 (Pa. 1998). Moreover, where a right to counsel exists, "a criminal defendant is not entitled to free counsel of his own choosing." ***Commonwealth v. Cook***, 952 A.2d 594, 617 (Pa. 2008); *see also **Commonwealth v. Ligons***, 971 A.2d 1125, 1161 (2009) (Castille, J., concurring). Further, this Court will not review the *pro se* filings of a counseled appellant. ***Commonwealth v. Glacken***, 32 A.3d 750, 752 (Pa. Super. 2011). To the extent the motion could be considered a response to PCRA counsel's request to withdraw, the motion's assertions are addressed in our independent review of this case. Thus, the Petition for Appointment of Counsel and New Trial is denied.

Counsel identifies instances of trial counsel's ineffectiveness in his **Turner**/**Finley** brief. **Turner**/**Finley** Brief at 12. To plead and prove ineffective assistance of counsel, a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. **Commonwealth v. Stewart**, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). Failure to establish any one of these prongs will defeat an ineffectiveness claim. **Mason**, ___ A.3d ___, ___, 2015 WL 9485173 at *7. Counsel is presumed to have rendered effective assistance of counsel. **Commonwealth v. Montalvo**, 114 A.3d 401, 410 (Pa. 2015). We have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. **Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

In the **Turner**/**Finley** brief, PCRA counsel asserts trial counsel was ineffective for failing to call a computer expert as well as Appellant's father and stepmother as witnesses at the suppression hearing in this matter. **Turner**/**Finley** Brief at 13. In the amended PCRA petition filed by counsel on January 20, 2015, counsel asserted that Appellant's father and stepmother "could [have] provided testimony . . . that there was more than one computer in the home connected to the internet, the fact that [Appellant] was not informed that he was not under arrest, and that he did not feel that he was free to leave." Amended PCRA Petition, 1/20/15, at

¶ 18. The amended PCRA petition also asserted that an expert in computer technology could have established "that there is no way to indicate who accessed the IP address[8] that triggered the search and that other individuals within several blocks of defendant's home could have accessed [Appellant's] IP address . . . ." *Id*. at ¶ 19.

> Our Supreme Court has explained:
>
> It is undoubtedly true that a defense attorney's failure to investigate potentially meritorious defenses or failure to interview witnesses whose testimony could prove beneficial and exculpatory can constitute ineffective assistance of counsel if no reasonable basis exists for counsel's failure. ***E.g.***, ***Commonwealth v. Mabie***, 467 Pa. 464, 359 A.2d 369 (1976). However, the value of a particular defense or witness' testimony is not judged abstractly in the vacuum of what might have been but in the reality of what is; accordingly, the defendant must

---

[8] An IP address has been described as follows:

> In order for computers to communicate with each other over the Internet, protocols known as Transmission Control Protocol/Internet Protocols (TCP/IP) must be employed. Protocols are a specific set of rules or procedures that allow[] computers to understand each other. Each computer that is equipped to operate on the Internet uses the TCP which breaks the information being sent into tiny data packets and tags each packet with instructions for how to assemble the information in a coherent form. Each computer's IP then tags each data packet with a destination IP address and a return IP address to allow the information to reach its intended destination and to be responded to. After an end user's data has been broken down, tagged and addressed by TCP/IP, that end user's computer transmits the data to the ISP, which reroutes it for delivery to the ultimate destination.

***Concentric Network Corp. v. Commonwealth of PA***, 877 A.2d 542, 544-545 (Pa. Cmwlth. 2005).

- 9 -

sustain his burden of proving how the "road not taken" or the testimony of the uninterviewed witness would have been beneficial under the facts and circumstances of his case. ***Commonwealth v. Anderson***, ***supra***, 501 Pa. 287-288 at 461 A.2d 214; ***Commonwealth v. Leonard***, 499 Pa. 357, 453 A.2d 587 (1982); ***Commonwealth v. McKenna***, 498 Pa. 416, 446 A.2d 1274 (1982).

***Commonwealth v. McNeil***, 487 A.2d 802, 806 (Pa. 1985).

Moreover, to prevail on a claim of trial counsel's ineffectiveness for failure to call a witness, an appellant must prove: "(1) the witness existed; (2) the witness was available; (3) trial counsel was informed of the existence of the witness or should have known of the witness's existence; (4) the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) the absence of the testimony prejudiced appellant." ***Commonwealth v. Chmiel***, 889 A.2d 501, 545-546 (Pa. 2005) (citations omitted). Trial counsel's failure to call a particular witness does not constitute ineffective assistance without some showing that the absent witness's testimony would have been beneficial or helpful in establishing the asserted defense. ***Id***. Appellant must demonstrate how the testimony of the uncalled witness would have been beneficial under the circumstances of the case. ***Id***.

The reasons asserted by Appellant regarding the value of the testimony do not support the conclusion that the witnesses' testimony would have been beneficial. First, neither Jack Baker, Appellant's father, nor his wife could have testified regarding whether **Appellant** felt free to leave at

- 10 -

the time police conducted their search. Second, their testimony would have been merely cumulative, as Appellant himself testified at the suppression hearing that his father had a computer and police had moved it from the "computer room" to the living room. N.T. (Suppression), 1/2/08, at 85. Third, trial counsel testified at the PCRA hearing that he had "many conversations" with Jack Baker, particularly during the time preceding the suppression hearing. N.T. (PCRA), 4/2/15, at 31. Trial counsel testified that the search ended at 2:30 p.m., and Mr. Baker did not arrive home until after 3:00 p.m. *Id*. Trial counsel also validated a memorandum dated December 31, 2007, that he wrote during his investigation of the case, which stated, *inter alia*, as follows:

> I spoke by phone on two occasions to Ruth Murray, stepmother of [Appellant]. I was calling to get her recollection of that day the police executed a search warrant on the house. She said that due to the medication she takes she has no short term memory. Specifically she does not remember much about the day in question. . . .[Stepmother] would not help the case if she testified.

N.T. (PCRA), 4/2/15, at 27.

Regarding Appellant's assertion that a computer expert "could have told whether the IP address that the police officers linked to our house could have been accessed by anybody else other than just me," N.T. (PCRA), 4/2/15, at 18, the ***Turner/Finley*** brief points out that a computer expert was not needed to provide that information. ***Turner/Finley*** Brief at 13.

> Suppression counsel testified at the PCRA hearing that he had the information he needed to cross-examine the

- 11 -

Commonwealth's witnesses. In fact, suppression counsel was able to have the Commonwealth's witness admit on cross - examination that "anybody in the house that's on the computer would be working on that IP address.

*Id*. at 13–14 (quoting N.T. (PCRA), 4/2/15, at 18) (footnotes omitted).[9]

The record supports the conclusion that the absence of the witnesses' testimony did not prejudice Appellant. *Chmiel*, 889 A.2d at 546. Thus, trial counsel's failure to call them did not constitute ineffective assistance absent some showing that their testimony would have been beneficial. Trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Loner*, 836 A.2d at 132.

In summary, we conclude that Appellant's issues lack arguable merit. Moreover, having conducted an independent review of the record in light of the PCRA petition and the issues set forth therein, as well as the contents of counsel's motion to withdraw and *Turner*/*Finley* brief, we agree that the PCRA petition is meritless and permit counsel to withdraw.

Petition to withdraw granted. Order affirmed. Petition for Appointment of Counsel and New Trial denied.

---

[9] In addition to the video clips removed from Appellant's computer seized from his bedroom, the Commonwealth placed into evidence "multiple DVDs," also seized from Appellant's bedroom, "containing dozens of video clips and hundreds of photographs of children engaging in sex acts." *Baker*, 78 A.3d 1046.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/2016