511 A.2d 869

In re .ESTATE of Dorothy GORDON, Deceased.

**Appeal of SECURITY BANK & TRUST COMPANY, Now by Merger, United Penn Bank, Executor.**

Superior Court of Pennsylvania.

Argued April 9, 1986.

Filed July 7, 1986.

Kirby G. Upright, Stroudsburg, for appellant.

Before BECK, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

This is an appeal from a decree of the Court of Common Pleas denying exceptions to an adjudication and adopting the decree nisi as a final decree. We affirm.

Appellant, Security Bank and Trust Company, as executor of the estate of Dorothy Gordon, filed a first and final account. Appellees, Vivian Jane Gordon and Dorothy Jane Gordon, filed objections to the account, and an auditor was appointed. Following hearings, the auditor entered a report recommending, *inter alia*, that appellant be surcharged $85,300 for selling real estate at less than fair market value. Appellant filed exceptions which were denied, and an adjudication and decree nisi were entered. Appellant again filed exceptions which were subsequently denied, and a final decree was entered.

In its appeal to this Court, appellant raises the following issues:[1] 1) are appellees barred from objecting at this time because they failed to restrain the sale of the real estate; 2) did the auditor fail to apply the proper standard of care; and 3) did the auditor err in finding the appraiser negligent and in finding appellant negligent by failing to recognize a deficiency in the appraisal.

Appellant contends appellees cannot now be heard to object to a sale of real property. The decedent had owned a 30% interest in approximately 84 acres of land. Appellant sold the property for $15,600 to one of the co-tenants in a private sale limited to co-tenants and decedent's relatives.

---

1. Although not listed as part of its "Statement of Questions Involved", appellant's brief includes in its argument section a discussion of four other meritless issues: a) did the auditor abuse his discretion in accepting appellee's expert testimony; (b) did the auditor abuse his discretion in issuing a surcharge for interest paid on a loan; c) did the auditor err in reducing the executor's commission; and, d) did the auditor err in accepting appellee's valuation of the real estate. We need not discuss these in light of appellant's failure to conform to our rules. Pa.R.A.P. 2116(a); *Commonwealth v. Gray*, 399 Pa.Super. 385, 489 A.2d 213 (1985).

The trial court found that the fair market value of the property was $100,000 at the time of the sale.

■ Appellant argues that since appellee, Vivian Jane Gordon, took part in the private bidding and made a bid of $11,000, she is estopped from asserting a higher fair market value. The record supports the trial judge's refusal to accept this argument. The finder of fact found appellee, Vivian Jane Gordon, in no way misled appellant and entered her bid of $11,000 in an attempt to keep appellant from accepting a prior bid of $10,000. The record supports appellee was without the financial means to enter a substantially higher bid; furthermore, we can find nothing in the record to indicate when appellee first learned of the true market value. Under these circumstances mere participation in the bidding process by one appellee does not evoke estoppel.

■ 20 Pa.C.S.A. § 3355 gives one the right to petition the court to restrain a sale under certain circumstances. However, the language of the section does not indicate one *must* seek to restrain a sale or else waive any right to surcharge; rather, the section addresses when one *may* petition to restrain.

### § 3355. Restraint of sale

The court, on its own motion or upon application of any party in interest, in its discretion, may restrain a personal representative from making any sale under an authority not given by the governing instrument or from carrying out any contract of sale made by him under an authority not so given. The order may be conditioned upon the applicant giving bond for the protection of parties in interest who may be prejudiced thereby. The order shall be void as against a bona fide grantee of, or holder of a lien on, real estate unless the decree restraining the sale, or a duplicate original or certified copy thereof, is recorded in the deed book in the office of the recorder of deeds in the county in which such real estate lies, before the recording or entering of the instrument or lien under which such grantee or lienholder claims.

We note appellant does not argue, nor do the facts support, a finding that appellees acted in collusion with the co-tenant who successfully procured the property through the private bidding.

■ Appellant argues Orphans' Court is a court of equitable jurisdiction and appellees cannot seek a surcharge in a court of equity since they failed to seek out their remedy at law under 20 Pa.C.S.A. § 3355. This issue has been waived by appellant's failure to include it specifically in its exceptions to the auditor's report. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

■ Turning now to appellant's second issue, we find no error in the trial court's application of a negligence standard to appellant's conduct. Appellant contends it cannot be surcharged absent a finding of fraud or gross negligence. However, it "is well settled in this Commonwealth that a fiduciary who has negligently caused a loss to an estate may properly be surcharged for the amount of such loss." *In re Estate of Lohm*, 440 Pa. 268, 273, 269 A.2d 451, 454 (1970). A fiduciary must use the common skill, prudence, and caution that a prudent man, under similar circumstances, would employ to manage his own estate; if, however, a fiduciary has *greater* skill than an ordinary man, the standard of care must be judged according to the special skill. *Id.* Therefore, in this particular case where appellant is a corporate fiduciary, the trial court did not err in refusing to employ a *gross* negligence standard.

■ Appellant next contends that even if the appraiser it employed was negligent, appellant itself was not negligent in relying on the appraisal. At the hearing, appellant's appraiser testified the property in question had a fair market value of $15,800. The finder of fact did not accept this valuation because the expert had insufficient evidence to justify his conclusions. The auditor found appellant negligent in relying on this appraisal because at the time appellant accepted it, the appraisal woefully lacked documenta-

tion. Moreover, appellant's negligence was not based solely on its acceptance of this appraisal but also on its decision to offer the property only through a private sale without any consideration of possible alternatives.

Decree affirmed.