515 A.2d 581

**In re ESTATE OF Bernard R. HUGHES, Deceased.**

**Appeal of A. James GRANITO, Exceptant.**

Superior Court of Pennsylvania.

Argued June 26, 1986.

Filed Sept. 15, 1986.

Fred C. Houston, Jr., Pittsburgh, for appellant.

Before ROWLEY, McEWEN and TAMILIA, JJ.

McEWEN, Judge:

This appeal has been taken from an order[1] which (1) stayed the sale of real estate which was the subject of a written agreement between appellant and the administratrix of the instant estate, and (2) permitted the sale of the realty to a subsequent offeror. We affirm.

The personal representative of decedent had entered into an agreement with appellant for the sale of certain real estate for the sum of $42,000. Prior to settlement under that agreement, however, one of the heirs petitioned the

---

1. Exceptions filed by appellant were dismissed after argument before the court en banc.

court to restrain the administratrix from completion of the sale of the property under the agreement because (1) an offer had been made to purchase the property for $60,000, and (2) the administratrix had agreed that the real property would not be sold without the prior approval of all of the heirs.

Appellant contends that the court en banc erred in dismissing his exceptions to the order which granted the petition to restrain the sale of the realty. Appellant argues that the order was improper under Section 3360(a) of the Probate, Estates and Fiduciaries Code which provides:

> **§ 3360. Contracts, inadequacy of consideration or better offer; brokers' commission**
>
> (a) Inadequacy of consideration or better offer.—When a personal representative shall make a contract not requiring approval of court, or when the court shall approve a contract of a personal representative requiring approval of the court, neither inadequacy of consideration, nor the receipt of an offer to deal on other terms shall, except as otherwise agreed by the parties, relieve the personal representative of the obligation to perform his contract or shall constitute ground for any court to set aside the contract, or to refuse to enforce it by specific performance or otherwise; Provided, That this subsection shall not affect or change the inherent right of the court to set aside a contract for fraud, accident or mistake. Nothing in this subsection shall affect the liability of a personal representative for surcharge on the ground of negligence or bad faith in making a contract.

20 Pa.C.S. § 3360(a). This statute is a reenactment of the Act of May 24, 1945, P.L. 944, 20 P.S. §§ 818, 819, which was specifically enacted to ensure the finality of fiduciaries' contracts. Prior to the passage of that statute, the courts had consistently held that where a fiduciary "had agreed to sell trust property, he not only could, but must, repudiate the agreement at any time before final settlement and conveyance of the title if he received an offer for the property substantially higher than the price for which he

had originally contracted to sell it.... It was not merely a *power* on the part of the fiduciary but a *duty* to dispose of trust property upon the most advantageous terms which it was possible to secure for the benefit of the estate, irrespective of the fact that a prior agreement which was being superseded might have been entered into by him in the utmost good faith and for what appeared at the time to be a fair and adequate consideration." *In Re Herbert's Estate*, 356 Pa. 107, 110, 51 A.2d 753, 755 (1947) (emphasis in original). "[I]t had been the law that until title had passed a fiduciary was bound to accept any higher offer even though a valid contract had been entered into in good faith.... The [Act of May 24, 1945, P.L. 944, 20 P.S. §§ 818, 819] altered this doctrine." *In Re Estate of Curtis*, 437 Pa. 123, 128 n. 4, 261 A.2d 589, 592 n. 4 (1970).

Appellant correctly relates that the distinguished Chancellor Paul D. Zavarella ordered the sale restrained solely by reason of the wide divergence between the contract price and the market price at the time the contract was entered into, as evidenced by the offer of $60,000. The Chancellor did so in reliance upon Section 3355 of The Probate, Estates and Fiduciaries Code, which provides:

§ 3355. **Restraint of sale**

The court, on its own motion or upon application of any party in interest, in its discretion, may restrain a personal representative from making any sale under an authority not given by the governing instrument or from carrying out any contract of sale made by him under an authority not so given....

20 Pa.C.S. § 3355.

We are thus called upon to resolve the apparent conflict between Sections 3355 and 3360. Such a reconciliation is, of course, a matter of statutory construction, susceptible of determination by this Court. *Tyler v. King*, 344 Pa.Super. 78, 83, 496 A.2d 16, 19 (1985).

On the one hand, as we have noted, The Act of May 24, 1945, was enacted to relieve fiduciaries of their former duty to repudiate a contract whenever a subsequent, higher offer

was made for the property prior to settlement. The former rule permitted no exceptions and caused fiduciaries' contracts to be uncertain at best. *See Larson Estate*, 22 Fiduc.Rep. 112 (1972).

On the other hand, the statute here relied upon by the Chancellor and court en banc, 20 Pa.C.S. § 3355, was enacted by the legislature to protect the assets of decedents' estates from the harsh effects of improvident sales of estate assets by fiduciaries. It permits the Orphans' Court, upon motion of any party in interest or upon its own motion, to exercise its discretion and restrain a personal representative from making any sale under an authority not given by the decedent's will. Section 3355 thus permits a court to restrain a sale under certain circumstances in order to protect the assets of an estate.

■■ Appellant contends that the court is precluded from restraining a sale which is improvident by reason of the inadequacy of the consideration, and contends that surcharge of the fiduciary is the sole remedy available to heirs who suffer financial harm by reason of the negligence of the fiduciary. While the remedy of surcharge is undoubtedly available when a fiduciary performs his duties negligently, we cannot accept the argument that the legislature intended, by the enactment of the Act of May 24, 1945, to remove from the Orphans' Court all power to restrain an improvident sale.[2] While surcharge remains a viable remedy in such situations, it is not difficult to envision circumstances where surcharge would provide a hollow remedy. Rather, we believe that 20 Pa.C.S. § 3360 sets forth the general rule regarding subsequent offers without removing from the Orphans' Court all power to restrain an improvident sale where, in the exercise of the court's discretion, such action is necessary to protect an asset of the estate.

**2.** We note that the appellant argued in *Estate of Gordon,* 354 Pa.Super. 274, 511 A.2d 869 (1986), that the failure of the appellee to utilize Section 3355 to restrain a sale for $15,600 of realty with a fair market value of $100,000 precluded the appellee from seeking the remedy of surcharge. The issue was not addressed by the Court due to waiver.

■ The subsequent offer for the realty in the instant case was approximately forty-two percent greater than the original offer and will, the hearing court found, produce a net gain to the heirs of approximately $14,000. While the finality sought to be achieved by Section 3360 of the Code is a fundamental and desirable goal, that goal was not meant to inflict upon the heirs of an estate the harsh inequity of precluding an application to restrain the sale of an estate asset for a sum substantially less than fair market value. The Chancellor has the power, if not a duty, to thwart the decision of a fiduciary which is not simply imprudent but composes severe misjudgment, since finality is not to be secured at the price of injustice. The court here concluded that the sale was improvident by reason of the wide divergence between the two offers to purchase and restrained the sale to appellant. We are satisfied that the court did not abuse its discretion in so concluding.

Order affirmed.